UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHELLE M. RHYNARD,

        Plaintiff,

                              Case Number 09-10972-BC

v.                              Honorable Thomas L. Ludington

STATE FARM INSURANCE,

        Defendant.
_____/

### ORDER DENYING PLAINTIFF'S MOTION TO REMAND

On March 16, 2009, Defendant State Farm Insurance removed Plaintiff Michelle M. Rhynard's complaint from state court on the basis of diversity jurisdiction, codified at 28 U.S.C. § 1332. It is undisputed that the parties satisfy the diversity of citizenship requirement. The parties, on the other hand, dispute whether the amount-in-controversy requirement of § 1332 is satisfied. Plaintiff stipulates that the amount in controversy does not exceed $75,000.00 and requests this Court remand the complaint. Dkt. # 4. Defendant contests that assertion, arguing that it is more likely than not that Plaintiff seeks damages in excess of the jurisdictional amount.

As Defendant emphasizes, the complaint contains allegations of severe and continuing injuries that demonstrate that the jurisdictional amount is more likely than not met. Plaintiff's post-removal stipulation is irrelevant because Sixth Circuit authority limits a district court's inquiry to facts as they stood at the time of removal. Consequently, the Court will **DENY** the motion to remand.

I

According to the complaint, on November 2, 2006, Plaintiff was riding as a passenger in a Chevrolet Blazer that was involved in a rollover accident. Dkt. # 1-2 at ¶¶ 12-15. Plaintiff alleges

she sustained the following physical injuries: a traumatic brain injury that limits some basic life functions, broken ribs, a broken clavicle, and injuries to her neck and back. *Id.* at ¶ 17. She alleges that her injuries are permanent in nature and require ongoing treatment and care. *Id.* at ¶¶ 18-25.

Prior to the accident, Plaintiff purchased a no-fault automobile insurance policy from Defendant. *Id.* at ¶ 3. Plaintiff submitted a claim to Defendant for personal injury protection benefits as provided for under her first-party insurance coverage. Dkt. # 4 at 5 (citing Mich. Comp. Laws §§ 500.3101, *et seq.*). Under the policy, Defendant paid for medical care until terminating coverage on September 19, 2008 because Defendant believed Plaintiff's condition would not improve or any remaining medical problems were unrelated to the accident. Dkt. # 1-2 at ¶¶ 7, 29-30.

On February 17, 2009, Plaintiff filed a complaint in Alpena Count Circuit Court, alleging a single cause of action for breach of contract and for declaratory relief against Defendant. Plaintiff seeks compensatory damages for medical treatment, rehabilitative treatment, prescription medication, medical equipment, replacement services, and attendant care costs. *Id.* at 48. The complaint alleges that the amount in controversy exceeds $25,000.00. *Id.* at 11.

On March 16, 2009, Defendant removed the complaint to this court, asserting this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Dkt. # 1. Defendant is a citizen of Illinois and Plaintiff is a citizen of Michigan. *Id.* at 3. The notice of removal also asserts that the amount in controversy exceeds $75,000.00. *Id.*

On March 31, 2009, Plaintiff moved to remand the complaint. Dkt. # 4. While acknowledging that the outstanding cost of her medical treatment exceeds $75,000.00, Plaintiff contends that Defendant is only responsible for approximately $60,000.00 because she "has a

coordinated policy of auto insurance which makes the Plaintiff's health insurer the primary payer for medical treatment." Dkt. # 4 at ¶ 6. Through an affidavit, Plaintiff expresses her belief that Defendant is responsible for her "lost wages, replacement services, and attendant care services." Dkt. # 4-5 at ¶ 6. Further, Plaintiff stipulates that her total possible recovery, including attorney fees, does not exceed $60,000.00. *Id.* at ¶¶ 7-9.

Defendant challenges that assertion, emphasizing that Plaintiff has submitted claims or asserts a right for coverage in an amount totaling $95,000.00. Dkt. # 11-4 at ¶¶ 3-10, 15. This includes an estimated $34,000 for attendant care, $20,040.00 for replacement services and $31,273.00 for lost wages; however, it appears that this would encompass payments for care, services, and lost wages incurred through the life of the policy or November 2, 2009. *Id.* at ¶¶ 6, 10.

II

28 U.S.C. § 1441 permits a defendant to remove a case from a state court, if the federal court had original jurisdiction over the complaint. 28 U.S.C. § 1332 establishes federal subject matter jurisdiction based on the diversity of the citizenship of the parties. The burden lies with the removing party to establish federal subject matter jurisdiction. *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999) (citation omitted); *see also Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006) (citation omitted).

In addition to diversity of citizenship, the amount in controversy must exceed $75,000.00. 28 U.S.C. § 1332(a). The removing defendant must demonstrate that the amount-in-controversy requirement is satisfied. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993)). "[W]here [a] plaintiff[] seek[s] 'to recover some unspecified amount that is not self-evidently greater or less than the federal

amount-in-controversy requirement,' the defendant satisfies its burden when it proves that the amount in controversy 'more likely than not' exceeds $75,000[.]' " *Id.* (quoting *Gafford*, 997 F.2d at 158); *see also Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001) (a defendant must show by preponderance of evidence that amount-in-controversy requirement has been satisfied; not the higher "legal certainty" standard). A court determines the amount "from the vantage point of the time of removal." *Id*.

In *Hayes*, the petition for removal asserted that the amount in controversy exceeded $75,000.00 "based upon a fair reading of [the] complaint." 266 F.3d at 573. The Sixth Circuit found that the defendant demonstrated by a preponderance of the evidence that the amount-in-controversy requirement was met because of the nature of the allegations. *Id.* Notwithstanding that fact, the Court noted that Plaintiff was unwilling to stipulate to an amount under the $75,000 threshold. *Id.* at 573 n.1 (citing *Cole*, 738 F.Supp. at 1308).

Here, the complaint alleges multiple severe, physical injuries, forecasting the necessity for continuing treatment. This supports Defendant's assertion that the jurisdictional amount is more likely than not satisfied. Notwithstanding that fact, Plaintiff provided an affidavit that stipulates her damages will not exceed $60,000.00. A stipulation offered after removal that develops facts not alleged in the complaint is ineffective "[b]ecause jurisdiction is determined as of the time of removal." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000); *but see Cole v. Great Atl. and Pac. Tea Co.*, 728 F.Supp. 1305, 1309 (E.D. Ky. 1990) (court considered representations regarding the amount in controversy that did not contradict the complaint and were being offered for the first time in litigation). Ultimately, the allegations in the complaint demonstrate that it is more likely than not that the amount in controversy exceeds $75,000.00 and Plaintiff's post-removal

stipulation is does not remove the complaint from this Court's jurisdiction.

### III

Accordingly, it is **ORDERED** that Plaintiff's motion to remand [Dkt. #4] is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated:  June 3, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 3, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS