UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHELLE M. RHYNARD,

        Plaintiff,

v.

        Case Number: 09-10972-BC
        Honorable Thomas L. Ludington

STATE FARM INSURANCE,

        Defendant.
_____/

## ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND CANCELING HEARING SCHEDULED FOR MARCH 12, 2010

Plaintiff Michelle Rhynard's February 17, 2009 complaint, originally filed in Alpena County Circuit Court, alleges a single claim for breach of contract against Defendant State Farm Insurance. The complaint was removed to federal court on the basis of diversity of citizenship. 28 U.S.C. § 1332. On June 3, 2009, Plaintiff's motion to remand was denied because the Court concluded that the amount in controversy more likely than not exceeds $75,000. [Dkt. # 12]. Now before the Court is Defendant's December 30, 2009 motion for partial summary judgment. [Dkt. # 31]. Plaintiff did not respond to Defendant's motion, even though a response is required if a party opposes the relief sought. E.D. Mich. L.R. 7.1(c)(1). However, the motion indicates that Defendant sought concurrence, and that Plaintiff declined to concur in the relief sought.

The hearing scheduled for March 12, 2010 will be cancelled because Defendant's brief adequately sets forth the factual and legal issues necessary for determination of the motion. E.D. Mich. L.R. 7.1(f). The motion will be granted in part and denied in part.

**I**

Plaintiff was a passenger in a southbound Chevrolet Blazer driven by Yvonne Bredow on

M-33 in Alpena County on November 2, 2006. Bredow lost control and the Blazer left the roadway, rolling several times and injuring Plaintiff. Her injuries included a broken clavicle; several broken ribs; various injuries to her upper right arm, left hand, left knee, and left foot; a bulge at the C6–C7 vertebrae; a head injury; "traumatic sleep disturbance"; and dyspepsia. Pl.'s Cmpl. ¶ 17. As a result of the injuries, Plaintiff continues to receive physical therapy and struggles with "chronic loss of memory, lethargy, inability to speak words [as] intended, personality changes, vision problems, [and] difficulty staying focused . . . ." *Id.* ¶¶ 18–19. According to the complaint, Plaintiff's injuries are permanent in nature and require ongoing care and rehabilitation efforts. *Id.* ¶¶ 21–28. Plaintiff also asserts that the incident aggravated "pre-existing asymptomatic cervical, lumbar, and foot conditions." *Id.* ¶ 28.

Plaintiff's injuries left her unable to consistently work, but she continued to receive a salary from her employer for at least twenty-one months after the accident. Russell Rhynard Dep. at 7–8; [Dkt. # 31-3]. Her employer was also her husband, Russell Rhynard. Before the accident, she worked as a paralegal for his private law firm, Russell Rhynard, P.C. The injuries also limited her ability to care for herself and to perform the household chores she typically handled before the accident. Her husband assumed some of the duties associated with preparing meals and cleaning their home. *Id.* 18–20. Her husband also testified that they purchased some additional services they would have handled themselves if not for the injuries. *Id.*

Plaintiff purchased a no-fault auto insurance policy from Defendant, which was in effect at the time of the accident. *Id.* ¶ 3. Defendant paid all personal protection insurance claims associated with the incident until July 24, 2008, and continued to pay certain claims until September 19, 2008. *Id.* ¶ 7. It is not clear from the record why Defendant paid Plaintiff's claims until that date and then

stopped.[1] Plaintiff's complaint asserts that she is entitled to payment for "necessary and reasonable care and medical treatment post 11/2/06"; "necessary and reasonable rehabilitative treatment post 11/2/06"; "necessary and reasonable prescription medication and equipment post 11/2/06"; and "necessary replacement services and reasonable attendant care costs, and any other [first] party no fault benefits due and owing past, present and future, including attorney fees[.]" Mich. Comp. Laws §§ 500.3107 & .3148.

Defendant's motion for partial summary judgment contends that any recovery for Plaintiff must be limited to benefits that accrued after February 17, 2008 because of a one-year limitations period in § 500.3145 of the Michigan Insurance Code. Defendant also contends that Plaintiff's claims for replacement services and work loss are limited to the first three years after the accident pursuant to § 500.3107. Defendant further contends that the limitations provided by the Michigan Insurance Code, combined with the facts of Plaintiff's treatment and recovery, mean she is not entitled to any attendant care, replacement services, or work-loss benefits.

**II**

A motion for summary judgment should be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The party seeking summary judgment has the initial burden of informing the Court of the basis for its motion, and identifying where to look in the record for relevant evidence, "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the opposing party who must "set out specific facts

---

[1]Paragraph 7 of the complaint refers to exhibits, which are not a part of the record.

showing a genuine issue for trial." Fed. R. Civ. Pro. 56(e)(2); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). If the opposing party fails to raise genuine issues of fact and the record indicates the moving party is entitled to judgment as a matter of law, the court shall grant summary judgment. *Anderson*, 477 U.S. at 250.

**A**

Michigan requires every person who registers a vehicle in the state to maintain security for the payment of personal protection insurance. Mich. Comp. Laws § 500.3101(1). "Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle . . . ." Mich. Comp. Laws § 500.3105(1). Personal protection insurance benefits must be paid regardless of fault. Mich. Comp. Laws § 3105(2). A personal protection insurance policy requires the insurer to pay "reasonable charges incurred" for an injured person's care, recovery, and rehabilitation; loss of income for a period of three years following the accident; and expenses of up to $20 per day for reasonable replacement services the injured person would have performed herself if not for the accident. Mich. Comp. Laws § 3107(1).

An insured may bring a civil action for recovery of personal protection insurance benefits within one year of the accident. Mich. Comp. Laws § 3145(1). However, if the insured has provided notice to the insurer and the insurer has made a payment of personal protection insurance benefits to the insured, then an action to recover benefits may be brought at any time within one year after the most recent recoverable expense was incurred. *Id.* "[T]he claimant may not recover benefits for any portion of a loss incurred more than one year before the date on which the action was commenced." *Id.*; *see also Devillers v. Auto Club Ins. Ass'n*, 473 Mich. 562, 590–91 (2005)

(noting that courts should read the "one year back" rule according to its terms, except in unusual circumstances involving fraud or mistake).

Here, Plaintiff was injured in an automobile accident on November 2, 2006. Her personal protection insurer originally paid benefits, but then stopped paying for an unknown reason. As a result, Plaintiff's action was timely filed on February 17, 2009. However, Plaintiff may not recover for loss incurred more than one year before she filed this case. Accordingly, she may only recover for personal protection insurance benefits which were incurred on or after February 18, 2008. Moreover, lost wages and reasonable replacement service expense of up to $20 per day are only recoverable for the first three years following the accident. Mich. Comp. Laws § 500.3107(1)(b) & (c). To the extent Plaintiff is entitled to those types of benefits, they are only recoverable if they were incurred between February 18, 2008 and November 2, 2009.

**B**

Plaintiff is entitled to recover reasonable expenses for attendant care and replacement services pursuant to the Michigan no-fault statute. Mich. Comp. Laws § 3107(1). To demonstrate such expenses are allowable, Plaintiff must show that the charge is reasonable, the expense is reasonably necessary, and the expense is actually "incurred." *Nasser v. Auto Club Ins. Ass'n*, 435 Mich. 33, 50 (1986). Defendant contends that Plaintiff admitted she did not "incur" any such expenses, and consequently, it is entitled to summary judgment on those claims. The statute does not define the term "incurred," but the Michigan Supreme Court has held that to " 'incur' means '[t]o become liable or subject to, [especially] because of one's own actions." *Proudfoot v. State Farm Mut. Ins. Co.*, 469 Mich. 476, 484 (2003) (quoting *Webster's II New College Dictionary* (2001)); *see also Bombalski v. Auto Club Ins. Ass'n*, 247 Mich. App. 536, 542 (2001) (holding that

"incur" means "to become liable for") (citing *Shanafelt v. Allstate Ins. Co.*, 217 Mich. App. 625, 638 (1996)). "Liable" means "obligated according to law or equity: responsible." *Burris v. Allstate Ins. Co.*, 480 Mich. 1081, 1084 (2008) (Corrigan, J., concurring) (quoting *Webster's Ninth New Collegiate Dictionary* (1987)).

The statute's requirement that an insured must "incur" an expense before the insurer will be required to pay it does not mean that the insured must enter into a formal contractual relationship with the service provider or present a formal bill, but it does mean that the insured must be obligated to pay the expense. *See Burris*, 480 Mich. 1081 (2008) (Corrigan, J., concurring). "[T]o incur an expense for attendant-care services, the insured's family members and friends, just like any other provider, must perform the services with a reasonable expectation of payment." *Id.* at 1085. Replacement service expenses are treated similarly to attendant care expense; they "are incurred when the obligation or agreement to pay arises." *Richardson v. Detroit Auto. Inter-Ins. Exch.*, 180 Mich. App. 704, 708 (1989). Replacement services provided by family members can be compensated, but there must be an expectation of payment at the time they are incurred. *Schaible v. Mich. Mut. Ins. Co.*, 116 Mich. App. 116, 121-24 (1982). Detailed records need not be kept, but an insured must demonstrate that services were actually provided and that provision of the services created an obligation on the part of the insured to pay for them. *Id.*

Here, evidence that Plaintiff's husband, or any other person for that matter, provided attendant care or replacement services to Plaintiff is sparse. Plaintiff did not respond to Defendant's motion for summary judgment, or submit any records or testimony indicating that she is legally obligated to pay for attendant care and replacement services. However, the testimony of her husband indicates that he performed additional household services following the accident with the

expectation that Defendant would compensate him for those services. Russell Rhynard Dep. at 13, 17–21, 30–31. He also purchased and programed a phone that would remind Plaintiff to perform necessary tasks that she was prone to forget because of the head injury. *Id.* at 42–43. Admittedly, he did not keep records or document the replacement services or attendant care he provided, but he did suggest that he believed he and his wife would be compensated by Defendant for the additional services and care he was providing. *Id.* 20–21. He also indicated that they paid outside service providers to assist with "things" he and his wife would have done themselves in the past. *Id.* at 30.

Plaintiff is entitled to recover the value of reasonable expenses actually incurred for replacement services and attendant care. Plaintiff has not demonstrated an entitlement to recovery at this point in the case, and the evidence offered by Defendant suggests that her recovery may be limited. However, Defendant has not demonstrated the absence of material fact as to whether Plaintiff is entitled to *any* replacement services or attendant care expenses, and Plaintiff has provided some evidence that such expenses were incurred. Accordingly, Defendant's motion for summary judgment will be denied to the extent it contends Plaintiff is not entitled to any recovery for attendant care and replacement services expenses.

## C

Michigan's no-fault statute also provides for "work loss" benefits for the first three years after the date of the accident. Mich. Comp. Laws § 500.3107(1)(b). The insurer is required to compensate the insured for "loss of income from work an injured person would have performed . . . if he or she had not been injured." *Id.* To recover, Plaintiff must demonstrate that she was unable to work and lost income as a "direct consequence" of the accident. *Nawrocki v. Hawkey Sec. Ins. Co.*, 83 Mich. App. 135, 144 (1978). "Benefits provided . . . under the laws of any state or the

federal government shall be subtracted from the personal protection insurance benefits otherwise payable for the injury." Mich. Comp. Laws § 500.3109(1). Pursuant to § 500.3109(1), an insurer is entitled to offset lost work benefits by the value of any social security disability benefits that an insured receives. *Popma v. Auto Club Ins. Ass'n*, 446 Mich. 460, 473 (1994).

Plaintiff was unable to work consistently following the accident, but her employer continued to pay her full salary until August 2008, about twenty-one months after the accident.[2] Russell Rhynard Dep. at 7–8. Her salary was $23,000 or $24,000 per year. *Id.* At the end of December, 2008, Russell Rhynard closed his law practice and Plaintiff's employment would have been terminated even if she were able to continue working. Defendant has already paid Plaintiff $17,665.67 in wage loss benefits, beginning in November 2006 and continuing through February 2, 2008. Plaintiff has also been collecting social security benefits since March 2008. Her social security benefit is $942 per month. [Dkt. # 31-7]. She received a lump sum payment of $16,497 on October 2, 2009. *Id.*

Plaintiff has presented insufficient evidence of an entitlement to work loss benefits to overcome Defendant's motion for summary judgment. Work loss benefits are calculated pursuant to the Plaintiff's monthly salary at the time the incident occurred and expire three years after the incident. Assuming a salary of $24,000 per year, the most she could receive in work loss benefits was $72,000. During the three year period, she received at least $42,000 from her employer,

---

[2]Russell Rhynard provided inconsistent testimony as to when he stopped paying Plaintiff her full salary. He first stated that he paid her for the "better part of two-and-a-half years." Dep. at 7–8. He later stated he paid her only through "August or September 2008," which is only one year and nine or ten months after the accident. *Id.* at 11. At the summary judgment phase, the evidence must be viewed in the light most favorable to plaintiff.

$17,665.67 from her insurer, and $18,840 from social security.[3] In sum, she received $78,505.67 in work-related payments during the three-year work loss benefit period. That is $6,505.67 more than she would have earned had the accident not occurred.

Moreover, Plaintiff's employer closed his business on December 31, 2008, ten months before the work loss benefit period expired, and Plaintiff has not offered any evidence that she would have been able to obtain an equivalent job with a different employer if not for the accident. As a result, the maximum work loss benefit should be reduced by $20,000, to $52,000. Defendant is entitled to summary judgment on Plaintiff's work-loss claim.

### III

Accordingly, it is ordered that Defendant's motion for partial summary judgment [Dkt. # 31] is **GRANTED IN PART AND DENIED IN PART**. Plaintiff is not entitled to recover work-loss benefits, any benefits that accrued before February 18, 2008, or any replacement services expenses that were incurred after November 2, 2009. Plaintiff may, however, be entitled to recover some replacement services benefits and attendant care benefits.

It is further **ORDERED** that the hearing schedules for March 12, 2010 is **CANCELED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 11, 2010

---

[3]Plaintiff began receiving social security disability benefits in March 2008 of $942 per month. The three-year benefit period expired on November 2, 2009. Consequently, she received social security benefits for 20 months out of the 36-month work loss benefit period.

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 11, 2010.

                                        s/Tracy A. Jacobs
                                        TRACY A. JACOBS