UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHELLE M. RHYNARD,

        Plaintiff,                         Case No. 1:09-cv-10972-TLL-CEB

v                                            Honorable Thomas L. Ludington

STATE FARM INSURANCE,

        Defendant.

| LLOYD JOHNSON & ASSOCIATES | SECREST WARDLE |
|---|---|
| LLOYD G. JOHNSON (P43046) | NATHAN J. EDMONDS (P51453) |
| Attorney for Plaintiff | Attorney for Defendant |
| 23329 Elm Grove Street | 94 Macomb Place |
| Farmington Hills, MI 48336 | Mt. Clemens, MI 48043 |
| (248) 888-8025 phone; (248) 888-8026 fax | (586) 465-7180 |

**DEFENDANT'S MOTION FOR RULE 11(b) SANCTIONS**

NOW COMES Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, by and through its attorneys, SECREST WARDLE, P.C., and for its motion for Rule 11(b) Sanctions states as follows:

1.       This lawsuit was originally brought by Plaintiff on or about February 17, 2009 in the Alpena County Circuit Court seeking personal protection insurance benefits from Defendant that were allegedly incurred as a result of a motor vehicle accident that occurred on or about November 2, 2006. Exhibit A.

2.       Specifically, Plaintiff alleges, *inter alia*, that she has incurred medical expenses, attendant care, replacement services and wage loss as a result of injuries she alleges were sustained in the November 2, 2006 motor vehicle accident.

3. On or about March 16, 2009, Defendant timely removed this matter from the Alpena County Circuit Court to the United States District Court on the basis of diversity jurisdiction.

4. On or about March 31, 2009, Plaintiff filed a Motion to Remand to State Court seeking to have the case remanded back to the Alpena County Circuit Court.

5. In support of her Motion for Remand, Plaintiff signed and filed an Affidavit stating as follows:

> 7. Since being cut off by State Farm Ins. Co. my first party benefits due and owing under Michigan's No Fault law total approximately $50,000.00.
> 8. Even with the addition of attorney fees for the Defendant's bad faith, my first party claim totals no more than $60,000.00.
> 9. I hereby stipulate to the entry of judgment, for the amounts currently due and owing, on my first party claim in the amount of $60,000.00.

Exhibit B.

6. Federal Rule of Civil Procedure 11 provides as follows:

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certified that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

7. On or about July 20, 2009, the Court issued a Scheduling Order providing that Initial Disclosures pursuant to Fed.R.Civ.P. 26(a) were due by August 3, 2009. Exhibit C. A Stipulated Order Extending the Scheduling Order was entered on November 17, 2009. Exhibit D.

9. Plaintiff submitted a First Amended Disclosure Pursuant to Fed.R.Civ.P. 26 on or about September 28, 2009 alleging damages of $150,000.00 plus attorney fees. Exhibit E.

10. Based on the discovery conducted, Defendant estimates that at the time of trial, Plaintiff will submit claims in excess of $450,000.00, broken down as follows: medical expenses of $25,421.44; household services of $12,460.00; attendant care of $310,680.00; 12% interest of $41,827.37; attorney fees of $60,000.00.

11. Plaintiff submitted an Affidavit to this Court in support of her Motion to Remand, knowing full well that she planned to claim damages in excess of $60,000.00.

12. Plaintiff submitted this Affidavit to this Court for the improper purpose of attempting to strip this Court of original jurisdiction over this matter and have the case remanded to her home town Court of Alpena County Circuit Court where her husband, who is an attorney, works as an Assistant Prosecutor. Exhibit F, p. 5.

13. Fed.R.Civ.P. 11 provides sanctions as follows:

> **(c) Sanctions.**
> **(1) In General.** If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.
> **(2) Motion for Sanctions.** A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper,

Case 1:09-cv-10972-TLL-CEB   Document 48   Filed 05/17/10   Page 4 of 11

>    claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.
>
>    . . .
>
>    **(4) Nature of Sanction.** A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

14.   Plaintiff's conduct blatantly violates the goal and spirit of Rule 11(b) and sanctions should be assessed.

WHEREFORE, Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, respectfully requests this Honorable Court enter an Order Granting Defendant's Motion, Make a Finding that Plaintiff's Attorney violated Rule 11(b) and Assess Rule 11(b) Sanctions in an amount the Court finds equitable and just based on the facts presented.

Respectfully submitted,

SECREST WARDLE

BY:   /s/ Nathan J. Edmonds
NATHAN J. EDMONDS (P51453)
Attorney for Defendant
94 Macomb Place
Mt. Clemens, MI 48043
(586) 465-7180

Dated: April 16, 2010

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHELLE M. RHYNARD,

    Plaintiff,

v

STATE FARM INSURANCE,

    Defendant.

Case No. 1:09-cv-10972-TLL-CEB

Honorable Thomas L. Ludington

| LLOYD JOHNSON & ASSOCIATES | SECREST WARDLE |
|---|---|
| LLOYD G. JOHNSON (P43046) | NATHAN J. EDMONDS (P51453) |
| Attorney for Plaintiff | Attorney for Defendant |
| 23329 Elm Grove Street | 94 Macomb Place |
| Farmington Hills, MI 48336 | Mt. Clemens, MI 48043 |
| (248) 888-8025 phone; (248) 888-8026 fax | (586) 465-7180 |

## BRIEF IN SUPPORT OF MOTION FOR RULE 11(b) SANCTIONS

This is a case for first party benefits pursuant to the Michigan No Fault Act. Plaintiff originally filed the cause of action in the Alpena County Circuit Court. Exhibit A. Plaintiff lives in Alpena, Michigan. Plaintiff's husband is a practicing attorney in Alpena, Michigan. In fact, Plaintiff's husband took a job as an Assistant Prosecuting Attorney in Alpena County. Exhibit F, p. 5.

Upon receipt of the lawsuit, Defendant filed a timely removal to the United States District Court for the Eastern District of Michigan, Northern Division on the basis of diversity of citizenship jurisdiction. Plaintiff then moved to have the case remanded to the Alpena County Circuit Court arguing that the $75,000.00 jurisdictional limit for diversity jurisdiction was not met even though Plaintiff did not specify a dollar amount in her Complaint; only that her damages exceeded $25,000.00.

In support of her Motion for Remand, Plaintiff signed and filed an Affidavit stating as follows:

> 7. Since being cut off by State Farm Ins. Co. my first party benefits due and owing under Michigan's No Fault law total approximately $50,000.00.
> 8. Even with the addition of attorney fees for the Defendant's bad faith, my first party claim totals no more than $60,000.00.
> 9. I hereby stipulate to the entry of judgment, for the amounts currently due and owing, on my first party claim in the amount of $60,000.00.

Exhibit B. Plaintiff proactively advanced her position with this Affidavit and essentially offered testimony in support of her motion admitting that her damages, including interest and attorney fees, did not exceed $60,000.00. Plaintiff went so far as to state that she would stipulate to entry of a judgment in that amount.

Plaintiff's attempts to remand the case to Alpena were unsuccessful and the Motion was denied in an Order dated June 3, 2009. Since that time, discovery and case evaluation leads this Defendant to conclude that Plaintiff knew when she signed and submitted that Affidavit that she fully intended to seek substantially more than $60,000.00 in this case. Therefore, it appears to Defendant that Plaintiff submitted that Affidavit, knowing it was not true, for the improper purpose of persuading this Court to remand the case back to the Alpena County Circuit Court.

The Federal Rule of Civil Procedure prohibit such improper motives and expect a higher level of professionalism from those who practice in the Federal Courts. Federal Rule of Civil Procedure 11(b) provides as follows:

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certified that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

    (2)   the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
    (3)   the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
    (4)   the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

  **(c)**  **Sanctions.**
    **(1) In General.** If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.
    **(2) Motion for Sanctions.** A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.
. . .
    **(4) Nature of Sanction.** A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed.R.Civ.P. 11. Plaintiff's attorney in the case at bar has violated this Rule.

    On or about July 20, 2009, the Court issued a Scheduling Order providing that Initial Disclosures pursuant to Fed.R.Civ.P. 26(a) were due by August 3, 2009. Exhibit C. A

7

Stipulated Order Extending the Scheduling Order was entered on November 17, 2009. Exhibit D. Contrary to her signed Affidavit admitting to damages of no more than $60,000.00, Plaintiff submitted a First Amended Disclosure Pursuant to Fed.R.Civ.P. 26 on or about September 28, 2009 alleging damages of $150,000.00 plus attorney fees. Exhibit E.

The parties were scheduled to attend Case Evaluation on March 31, 2010. Summaries were due to the evaluators by March 17, 2010. Plaintiff's Case Evaluation Summary was not file timely. Furthermore, Plaintiff's counsel was 40 minutes late to the Case Evaluation hearing.

This Court issued an Order to Appear requiring the attorneys and the parties to appear for a settlement conference on April 13, 2010 at 2:00 p.m. Exhibit G. Defendant's claims representative and its counsel timely appeared for the settlement conference. Neither Plaintiff nor her counsel appeared.

The Federal Rules of Civil Procedure are to be given their plain meaning, and when their terms are unambiguous, judicial inquiry is at an end. *Pavelic & LeFlore v Marvel Entm't Group*, 493 U.W. 120, 123; 107 L.Ed.2d 438; 110 S.Ct. 456 (1989). The test for the imposition of Rule 11 sanctions remains whether the individual's conduct was reasonable under the circumstances. *United States v. $ 515,060.42 in U.S. Currency*, 152 F.3d 491, 507 (6th Cir. 1998); *Union Planters Bank v. L & J Dev. Co.*, 115 F.3d 378, 384 (6th Cir. 1997).

When evaluating a request for sanctions, the District Court is required to adequately describe the misconduct found and to explain the basis for imposing the particular sanction selected. If sanctions are deemed appropriate, the District Court should indicate precisely what conduct has been found to be improper and under which provision of law the sanctions are being awarded. In addition, and particularly when a substantial amount of money is involved, the District Court should state with some specificity the manner in which the sanction has been computed.

An award of sanctions is appropriate in this case. The conduct of Plaintiff and her attorney throughout the course of this case has proven to be in blatant violation of the goal and spirit of Rule 11(b) and sanctions should be assessed. Plaintiff appears to have falsified an Affidavit in an effort to persuade this Court to remand the case back to Alpena County Circuit Court. While Plaintiff may have been willing to accept $60,000.00 for her alleged outstanding claims to get the case back to Alpena County, it has become quite clear from subsequent discovery that she has always known and intended to submit claims far in excess of $60,000.00. Hence Plaintiff's initial disclosure estimating damages of $150,000.00 plus attorney fees and additional information obtained leading Defendant to estimate that Plaintiff will claim more than $450,000.00, including interest and attorney fees, at the time of the scheduled trial on June 29, 2010.

Furthermore, Plaintiff's counsel has failed to comply with several court mandated conferences and/or filings, which is the subject of a separate Motion to Dismiss. Plaintiff's counsel failed to respond to Defendant's Motion for Partial Summary Judgment and then executed an Affidavit stating that the Court's Order, which granted a dismissal of Plaintiff's wage loss claim, was based on "fundamental of fact created by the Defendant." Exhibit H.

Plaintiff's counsel failed to timely file Plaintiff's Case Evaluation Summary providing Defendant's attorney with a short window to review and prepare responsive arguments. Plaintiff's counsel was 40 minutes late to the Case Evaluation Hearing on March 31, 2010 causing Defendant's counsel to lose valuable time in the office during a holiday week; not to mention requiring the three case evaluators to wait. Most recently, Plaintiff's counsel failed to appear at the court ordered settlement conference on April 13, 2010.

For the reasons stated above, Defendant moves for entry of an Order Granting Defendant's Motion, Make a Finding that Plaintiff's Attorney violated Rule 11(b) and Assess

9

Rule 11(b) Sanctions in an amount the Court finds equitable and just based on the facts presented.

                                      Respectfully submitted,

                                      SECREST WARDLE

BY:    /s/ Nathan J. Edmonds
         NATHAN J. EDMONDS (P51453)
         Attorney for Defendant
         94 Macomb Place
         Mt. Clemens, MI 48043
         (586) 465-7180

Dated: April 16, 2010

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE M. RHYNARD,

    Plaintiff,

v

STATE FARM INSURANCE,

    Defendant.

Case No. 09-10972-BC

Honorable Thomas L. Ludington

| LLOYD JOHNSON & ASSOCIATES<br>LLOYD G. JOHNSON (P43046)<br>Attorney for Plaintiff<br>23329 Elm Grove Street<br>Farmington Hills, MI 48336<br>(248) 888-8025 | SECREST WARDLE<br>NATHAN J. EDMONDS (P51453)<br>Attorney for Defendant<br>94 Macomb Place<br>Mt. Clemens, MI 48043<br>(586) 465-7180 |
|---|---|

## CERTIFICATE OF SERVICE

STATE OF MICHIGAN )
                       )ss
COUNTY OF MACOMB)

Nathan J. Edmonds, being first duly sworn, deposes and states that on the 17th day of May, 2010, he served a copy Defendant's Motion for Rule 11 (b) Sanctions, Brief in Support of Motion for Rule 11(b) Sanctions, Defendant's Motion for Dismissal, Brief in Support of Motion for Dismissal, Exhibits and this Certificate of Service to:

    Lloyd G. Johnson, Esq.
    LLOYD JOHNSON & ASSOCIATES
    23329 ELM GROVE STREET
    FARMINGTON HILLS, MI 48336

by way of electronic transmission via the CM/ECF Online Case Submission.

                                                *SECREST WARDLE*

                                                  *s/Nathan J. Edmonds*
                                                  NATHAN J. EDMONDS (P51453)
                                                  Attorney for Defendant
                                                  94 Macomb Place
                                                  Mt. Clemens, MI 48043

Dated: May 17, 2010
C:\NrPortbl\imanage\MOOREC\1426606_1.DOC
                                                  (586) 465-7180